UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    DIANA M. BERKICH,                     09-14170 B

                  Debtors              <u>DECISION & ORDER</u>
------------------------------------------------------

                        Michael A. Weishaar, Esq.
                        930 Convention Tower
                        43 Court Street
                        Buffalo, New York 14202
                        Attorney for the Debtor

                        Albert J. Mogavero, Esq.
                        110 Pearl Street, 6th Floor
                        Buffalo, New York 14202
                        Chapter 13 Trustee

Bucki, Chief U.S.B.J., W.D.J.N.

      The present dispute involves the change of ownership that occurs when a remainder interest matures into a fee simple absolute upon the termination of a life estate during the pendency of a proceeding in Chapter 13.

      Diana M. Berkich filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 3, 2009. At that time, the debtor resided with her mother in a home at 1285 Ransom Road in the Town of Lancaster, New York. Previous to the bankruptcy filing, while retaining a life estate, the mother had conveyed a remainder interest in the property to the debtor. On schedules filed with her bankruptcy petition, Ms. Berkich indicated that the real property had a value of $102,151. Based upon an assumption that the life estate represented 58.91 % of the property's total value, the debtor calculated the value of her remainder at $41,970. Also, because she resided on the premises, Berkich asserted the homestead exemption that applicable New York law at that time allowed in the amount of $50,000.

At the hearing on confirmation, the Chapter 13 trustee recommended a plan providing a distribution of 44 % on account of unsecured claims.  Due to the fact that the allowable homestead exemption exceeded the value of the debtor's remainder interest, the trustee stated in his written report that the real property did not impact the requirements of the Bankruptcy Code.    Satisfied that plan distributions would exceed the amount that would have been paid in the event of a liquidation under Chapter 7 (*see* U.S.C. §1325(a)(4)), this court entered an order of confirmation on November 10, 2009.

The debtor's mother died in January of 2010.  Consequently, by operation of law, the debtor became the owner in fee simple absolute of the property at 1285 Ransom Road.  To the extent that the debtor's schedules state accurate values, this real property would now enjoy an equity of at least $52,000 in excess of any allowable exemption.  If this equity had been available for distribution to unsecured creditors in a case filed under Chapter 7 at the same time as the present proceeding, unsecured creditors would have received full repayment of their outstanding claims.

In her present motion, the debtor seeks permission to mortgage her residence as collateral for a loan in an amount sufficient to complete the 44 % distribution that was contemplated by her confirmed plan.  Specifically, the debtor contends that under 11 U.S.C. §1325(a)(4), the court can confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated" under Chapter 7.  Focusing on the statutory reference to value "as of the effective date of the plan," the debtor contends that on the effective date, the value of her interest in the homestead was fully exempt.  Thus, she believes that the plan properly defines the limits of her obligations in Chapter 13.  Because the proposed loan satisfies those obligations, Berkich urges its approval.

The Chapter 13 trustee opposes the debtor's motion.  He contends that under 11 U.S.C. §541(a)(5), property of the bankruptcy estate includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date – (A) by bequest, devise, or inheritance . . ."  The trustee asserts that because the mother died within 180 days of the date of bankruptcy filing, the full value of the current fee interest must be treated as part of what would have been the debtor's estate in Chapter 7.  The debtor responds that the terms "bequest" and "devise" refer to transfers by will, and that the term "inheritance" refers to a transfer pursuant to the laws of intestacy.  Here, Berkich acquired a fee interest by operation of law and not by will or inheritance.  The debtor contends, therefore, that section 541(a)(5) does not speak to her fee interest, and that the Chapter 13 plan needs only to address the value of the remainder interest in existence as of the date of bankruptcy filing.

Discussion

We need not now decide the reach of 11 U.S.C. §541(a)(5).  Although this section serves exclusively to define property of the estate for purposes of Chapter 7, a debtor in Chapter 13 must further address the augmentation of her estate by reason of 11 U.S.C. §1306(a).  In relevant part, this section provides that "Property of the estate includes, in addition to the property specified in section 541 of this title (1) all property of the kind specified in such section that the debtor acquires after commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7, 11, or 12, whichever occurs first."  Consequently, in this Chapter 13 proceeding, we need not concern ourselves with whether the fee interest was acquired by "bequest, devise, or inheritance," or within six months of bankruptcy filing.  Rather, it suffices to note that prior to the closing of the case, the debtor acquired her present interest in property.  Pursuant to section 1306(a)(1), that fee is now fully an asset of the bankruptcy estate.

The debtor's motion essentially seeks to encumber an asset that has become property of the bankruptcy estate. Until such time as the debtor proposes a suitable plan modification that will protect the interest of creditors in any non-exempt value, the debtor may not encumber her fee interest. Alternatively, the trustee has correctly asked to protect his prerogative to seek a plan modification pursuant to 11 U.S.C. §1329. Accordingly, the objection of the trustee is sustained and the debtor's motion is therefore denied.

So ordered.

Dated:     Buffalo, New York           /s/      CARL L. BUCKI
           October 7, 2011            Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.